# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BLUEWATER MUSIC SERVICES CORPORATION, et al.,<br>     Plaintiff(s)<br><br>v.<br><br>SPOTIFY USA INC.,<br>     Defendant(s) | Case No. 3:17-1051<br>Judge McCalla / Frensley |

| | |
|---|---|
| ROBERT GAUDIO, et al.<br>     Plaintiff(s)<br><br>v.<br><br>SPOTIFY USA INC.,<br>     Defendant(s) | Case No. 3:17-1052<br>Judge McCalla / Frensley |

| | |
|---|---|
| A4V DIGITAL, INC., et al.<br>     Plaintiff(s)<br><br>v.<br><br>SPOTIFY USA INC.,<br>     Defendant(s) | Case No. 3:17-1256<br>Judge McCalla / Frensley |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(1) (and Doc. No. 50; Case 3:17-cv-01051) the following Initial Case Management Order is adopted:

**1.     Jurisdiction:** Plaintiffs allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). However, as set forth in Defendant's Motions to Dismiss for Lack of Standing (Dkt. 46 in the *Bluewater* case; Dkt. 26 in the *A4V* case), Defendant disputes Plaintiffs (1) have met the necessary preconditions for filing suit under 17

1

U.S.C. § 411 (requiring an issued registration prior to filing suit) and (2) have standing to bring claims of infringement of the works-in-suit. Plaintiffs contend that such arguments are baseless and address a limited number of the musical compositions at issue. By agreement of the parties, Plaintiffs' oppositions to those motions are due January 15, 2018, and Defendant's replies are due January 29, 2018.

2. **Plaintiffs' theory of the case:** This is an action brought by Plaintiffs Bluewater Music Services Corporation and Bluewater Music Corporation (hereinafter collectively "Bluewater" or "Plaintiffs") against Defendant Spotify USA Inc. ("Spotify" or "Defendant") for willful copyright infringement under the United States Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 *et seq.*). This case is simple. Entities must obtain and maintain certain licenses in order to lawfully exploit musical compositions, such as the musical compositions at issue. In this case, this clearly did not happen.

Spotify is an interactive music streaming service (among other business services) that allows its users to access and enjoy its catalog of musical recordings using its downloadable application and web-based platform. Bluewater is an independent music publisher that collectively owns or administers the copyrights of the Infringed Works listed on Exhibit A of the Complaint, all of which have either been duly registered or are pending registration with the United States Copyright Office.

Spotify distributes phonorecords embodying musical compositions to its end users through its interactive streaming service. It also allows users to download musical compositions to store for offline use. Spotify does not have a license to display, reproduce, and/or distribute the Infringed Works through its interactive streaming service due to either not procuring an appropriate license as required, or due to losing any license it may have had by not complying

2

with the law and applicable requirements when placed on notice and asked to do so. Specifically, Plaintiffs allege Spotify reproduced, distributed, and otherwise made available the musical compositions at issue without the required mechanical licenses. It is clear that mechanical licenses are required to engage in the process of interactive streaming. The music industry has reached a consensus on this topic and Spotify themselves has stated the same.

To operate the Spotify Service, Spotify needs to secure multiple rights from multiple copyright owners. These rights include, among others, the right to reproduce sound recordings and the musical works embodied therein, the right to distribute sound recordings and the musical works embodied therein, and the right to publicly perform sound recordings and the musical works embodied therein by means of digital audio transmissions. Spotify's unlicensed reproduction and distribution of musical compositions constitutes copyright infringement. By knowingly reproducing and distributing musical compositions without the licenses necessary to legally reproduce and distribute the music, Spotify has been and is willfully infringing upon the copyrights in the musical compositions at issue.

Plaintiffs are entitled to statutory damages up to $150,000.00 (or actual damages) for *each* of the 2,142 musical compositions at issue that were reproduced and/or distributed by Defendant without obtaining and maintaining the required mechanical licenses. Should the evidence show that Defendant reproduced and/or distributed each of the 2,142 musical compositions at issue without obtaining and maintaining the required mechanical licenses, Defendant is liable for over $300 million in statutory damages for its willful copyright infringement.

Bluewater owns and/or administers each of the musical compositions identified in Exhibit A to the Amended Complaint. Bluewater has standing to bring this action for copyright

3

infringement because of its ownership interest in the musical compositions and/or because the respective administration agreements with the owners of the musical compositions at issue grant Bluewater exclusive rights under Section 106 of the United States Copyright Act as well as the right to grant nonexclusive licenses to other parties. Plaintiffs have standing to pursue claims of copyright infringement against anyone exploiting any of the compositions it owns or administers. As the administrator and/or owner of the Infringed Works, Bluewater is entitled to full relief pursuant to the United States Copyright Act.

Defendant has also repeatedly stated that it reserves all rights to request a change of venue under 28 U.S.C. § 1404. Plaintiffs will oppose any such motion. Plaintiffs contend the appropriateness of venue is evidenced in Plaintiffs' Complaint, and will provide additional bases should Defendant so move.

Plaintiffs contend that Defendant has filed several frivolous and meritless motions in an attempt to delay discovery and actually answer the allegations in this Complaints. Defendant has filed motions, withdrawn them and re-filed substantially similar motions. They have already sought expedited discovery related to standing, which was denied by this Court. (Doc. No. 27). Although the Court mentioned that limiting discovery could possibly be a topic at the Rule 26(f) conference, the standing issue is a red herring and not based on case law or factual support. There is no legal or factual justification for limiting discovery especially after Defendants' delay tactics and attempts to limit Plaintiff's access to full discovery.

Defendant has asserted that it will not agree to consolidation for discovery purposes unless Plaintiffs agree to its extreme proposal to limit discovery in these cases. Plaintiffs contend it has been Defendant's motive to waste Plaintiff's resources by having to respond to these frivolous motions and delay the proceedings. Plaintiffs believe discovery must commence

4

immediately and there must be full discovery wherein Spotify answers discovery as to each and every musical composition at issue. Plaintiffs cannot agree to such extreme limitations of discovery. For example, it may be necessary for Plaintiffs to submit requests for admission for each and every musical composition at issue to determine when the compositions streamed on Spotify. Plaintiff cannot agree to these extreme measures that will limit discovery and cause further delay.

      **3.**      **Defendant's theory of the case:** Plaintiffs are alleged opt-out parties in the settlement reached between a class of alleged copyright owners and Spotify in *Ferrick et al. v. Spotify USA, Inc. et al.*, Case No. 1:16-cv-08412-AJN, pending in the United States District Court for the Southern District of New York. Apparently unsatisfied with the amount of the class settlement, Plaintiffs filed this lawsuit a few weeks prior to the opt-out deadline in an attempt to encourage other class members to opt out as well and leverage a larger settlement.

Contrary to Plaintiffs' attempt to vilify Spotify by comparing it to "primitive illegal file sharing companies" and making it out to be an outlaw or pirate preying upon the music industry, Spotify is a legitimate, licensed streaming company. Established in 2006 and officially launched in the United States in July 2011, Spotify currently does business in 61 countries, and has over 30,000,000 licensed sound recordings available to stream. It has paid over $6 billion in royalties to copyright owners. Spotify now has more than 140 million global monthly active users, including 70 million paying subscribers. And it has licensing deals with a large number of copyright owners, including global licensing partnerships with the major record labels Sony Music Entertainment, Universal Music Group, and Warner Music Group.

The evidence in this case will show that Spotify's business practices and technology bear no resemblance to piratical and unlawful peer-to-peer networks. In fact, far from committing

5

piracy, Spotify is a major force in driving music sales and keeping piracy under control. By offering access to a very large licensed library of content, available for streaming on demand, Spotify makes music available at a price and in a format that people like. The millions of people who get their music legitimately via Spotify have no incentive to pirate it. Plaintiffs' claims are simply without merit.

Spotify categorically rejects Plaintiffs' characterization of these cases to date. In fact, Plaintiffs have had to backtrack and tailor their claims to address the pleading inadequacies that Spotify has identified. But even those revised allegations are insufficient to cure Plaintiffs' standing problems, as detailed in Spotify's pending motions. Rather, it is Plaintiffs who would impose undue burden by forcing Spotify to conduct discovery on compositions for which Plaintiffs have demonstrably failed to allege standing to sue. As a matter of law and for the "just, speedy, and inexpensive determination" of this action, as Fed.R.Civ.P. 1 requires, Plaintiffs' standing is the threshold issue.

Plaintiffs likewise mischaracterize Spotify's position on consolidation. Spotify recognizes that consolidation could achieve efficiencies by making discovery served on Spotify usable by all Plaintiffs across the four actions. Spotify also recognizes that having these cases on a coordinated schedule could make their management easier for the Court. Spotify was willing to agree to Plaintiffs' consolidation request so long as Plaintiffs accepted Spotify's modification of the schedule and agreed to limit discovery to reflect the fact that the burdens of discovery fall disproportionately on Spotify. Plaintiffs have largely agreed on the schedule, but insist on vastly inflated discovery limits for their discovery to Spotify. In exchange for agreeing to consolidation, Spotify should see some efficiencies and limits in the discovery served upon it, because the information it produces about its business, processes, procedures, and the like will be

6

used across all of the consolidated cases. The same is not true in the other direction, where Spotify will have to take individualized discovery of each plaintiff, and does not expect (as currently informed) that one plaintiff's discovery will be usable against another. That is why Spotify believes that the discovery limits should not be one-size-fits-all.

**4. Identification of the issues.** No issues have been resolved at this time. While the parties are unable at this time to anticipate the full scope of the legal issues that may arise in this action, some legal issues that may arise, among others, include:

a. Whether Plaintiffs have standing;

b. Whether Plaintiffs have obtained the necessary precondition of a United States Copyright Registration for the works-in-suit prior to filing their Complaints;

c. Whether this Court is the proper and/or most convenient forum for the parties;

d. Whether Spotify reproduced and/or distributed the works-in-suit;

e. Whether Spotify obtained and maintained mechanical licenses for the works-in-suit;

f. Whether any of Spotify's conduct that Plaintiffs allege to be infringing is non-infringing fair use under 17 U.S.C. § 107;

g. If Spotify is found to have infringed any of the works-in-suit, whether Spotify's infringement was willful;

h. If Spotify is found to have infringed any of the works-in-suit, the amount of damages recoverable, if any, under the Copyright Act;

i. If Spotify is found to have infringed any of the works-in-suit, whether Plaintiffs will elect statutory damages;

7

j. If Spotify is found to have infringed any of the works-in-suit and Plaintiffs do not elect statutory damages, what amount of Defendant's recoverable profits are attributable to the alleged infringement;

k. If Spotify is found to have infringed any of the works-in-suit and Plaintiffs do not elect statutory damages, whether Plaintiffs are entitled to any portion of Defendant's profits attributable to the alleged infringement from sales outside of the United States based on the "predicate act" exception;

l. Whether either party will be entitled to its attorneys' fees and expenses as a prevailing party in this case; and

m. Other issues that may arise during the course of this action.

5. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:** The parties do not expect the need for any other special issues under Rules 13-15, 17-21 and Rule 23 of the Federal Rules of Civil Procedure. The parties reserve the right to assert any rights under the Rules as the need may arise.

6. **Witnesses:** The full extent of witnesses known in this case is not yet available and will be timely supplemented by each party.

7. **Discovery:**

(a) **Initial disclosures:** The parties shall exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) within 30 days from entry of the Initial Case Management Order.

(b) **Staging of discovery:**

**Discovery is stayed pending Judge McCalla's ruling on pending dispositive motions, with exception to: Defendants shall respond to outstanding discovery by February 19, 2018; and the parties are allowed to conduct limited discovery on the issue of Standing.**

8

(c) **Consolidation of discovery:** The Court consolidates the following cases for purposes of discovery only;

  i. *Bluewater Music Services Corporation and Bluewater Music Corporation v. Spotify USA, Inc.*; Case No. 3:17-cv-01051;

  ii. *Robert Gaudio; The Four Seasons Partnership v. Spotify USA, Inc.*; Case No. 3:17-cv-01052;

  iii. *A4V Digital, Inc., et al. v. Spotify USA, Inc.*; Case No. 3:17-cv-01256; and

  iv. *Robertson, et al., v. Spotify USA Inc.*, Case No. 3:17-cv-01616.[1,2]

(d) **Fact Discovery Cutoff and Limits**:

Fact discovery in the consolidated actions, including all document production, written discovery, and fact witness depositions, shall conclude by February 15, 2019. All discovery-related motions shall be filed by no later than March 15, 2019. No motions concerning discovery are to be filed until after lead counsel have spoken in a good faith effort to resolve any dispute(s). Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall confirm opposing counsel's availability before setting a time certain with the Court.

---

[1] The *Robertson* case, filed on December 29, 2017, is currently assigned to Judge McCalla and Magistrate Judge Holmes. Should the Court agree in principle to the parties' consolidation proposal regarding the three earlier-filed cases (*Bluewater*, *Gaudio*, and *A4V*), Plaintiffs' counsel will file the appropriate notices to have the *Robertson* case assigned to Magistrate Judge Frensley as related to the three earlier-filed cases. The parties also agree that given the very recent filing of the *Robertson* case, discovery and initial disclosures in that case will commence following Spotify's response to the complaint.

[2] Plaintiffs reserve the right to address whether consolidation for trial of some or all of the cases would be proper based on the interests of judicial economy and efficiency. Spotify reserves all of its rights to address this issue, if and when later raised.

9

**Discovery Limits:**

Pending further ruling of the Court, both parties are limited to 12 depositions. The number of interrogatories is increased to 100 per side. Requests for Admissions and Production of Documents are not limited at this time.

    **(e)    Expert Discovery**

Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before March 15, 2019. Defendant shall identify and disclose all expert witnesses and reports, including any rebuttal expert reports, on or before May 1, 2019. Expert depositions shall conclude by July 1, 2019.

    **8.**    **Dispositive motions:** The deadline for the filing of dispositive motions shall be August 2, 2019. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 10 pages, absent Court permission for a longer pleading. If the parties consent to longer pleadings, the parties shall file a Joint Motion setting out the requested page limits. If dispositive motions are filed before the July 1, 2019 deadline, the response and reply dates are moved up accordingly.

    **9.**    Any motions to amend or to add parties shall be filed by no later than June 1, 2018.

    **10.**    **Motions to seal:** The parties anticipate timely submitting a joint stipulated protective order to the Court. Per this Court's instruction, any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents

and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Federal Home Loan Mortgage Co.*, No. 15-6067, 2016 WL 3671629 at *4-5 (6th Cir. Jul. 11 2016) (quoting *Shane Grp., Inc. v. Blue Cross 4 Blue Shield of Michigan*, Nos. 15-1544, 1551, 1552, 2016 WL 3163073 at *3 (6th Cir. June 7, 2016)). Protective orders should not provide that documents produced in discovery and designated as "confidential" will automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

**11.     Modification of case management order:** Any motion to modify the case management order or any case management deadline shall be filed at least seven days before the earliest affected deadline. The motion must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the motion. The motion (even if a joint motion) must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review previous case management orders in consideration of the motion, and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2)(f) that no dispositive motion, including response and replies, be filed later than 90 days in advance of the target trial date.

**12.     E-Discovery:** The parties anticipate reaching an agreement on how to conduct electronic discovery and shall timely submit a stipulation on the agreement to the Court. Administrative Order No. 174, therefore, no longer applies to this case.

11

**13. Alternative dispute resolution:** The parties will make, at least, two good faith attempts to resolve the case. The first attempt to resolve the case, which shall consist of informal discussions between counsel as to potentially appropriate alternative dispute mechanisms, shall occur by May 15, 2018. The parties will also discuss the appropriateness of alternative dispute resolution at the end of discovery and at other times throughout litigation if events provide opportunity to discuss potential alternative dispute resolution. The parties will make another good faith attempt to resolve the case, which shall consist of informal discussions between counsel as to potentially appropriate alternative dispute mechanisms, before the deadline for filing dispositive motions, July 1, 2019.

**14. Consent to trial before the Magistrate Judge:** The parties do not consent to trial before the Magistrate Judge.

**15. Subsequent case management conferences:** A subsequent case management conference shall be held on June 12, 2018, at 11:00 am, **by telephone**, to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and any other appropriate matters. Defendant shall initiate the call to the Court. **16. Target trial date:** These cases are to be tried by separate juries. Plaintiffs anticipate the trial for each individual matter will take approximately 8-10 trial days. Defendant anticipates the trial for each matter will take approximately 5 trial days. The first trial date will be January 13, 2010.

It is so **ORDERED**.

_____
Magistrate Judge Frensley

17